# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

KAREN ROWELL,

        Plaintiff,

v.                                 Case No. 13-2514-CM

NCO FINANCIAL SYSTEMS, INC.,

        Defendant.

## **ORDER**

      This action arises from defendant NCO Financial Systems, Inc.'s ("NCO") efforts to collect past due student loan payments from plaintiff Karen Rowell.  Plaintiff alleges defendant made harassing collection calls to her in violation of the Telephone Consumer Protection Act ("TCPA").  Currently before the undersigned U.S. Magistrate Judge, James P. O'Hara, is a motion to compel plaintiff to supplement her answers to defendant's interrogatories and requests for production (**ECF doc. 33**).  Specifically, defendant asks that the court order plaintiff to respond fully to Interrogatory Nos. 3, 6, 8-9, 14 and 16, and Requests for Production Nos. 1-5, 7, 16, and 19.  In response to defendant's motion, plaintiff asks that the court award attorneys' fees as a sanction against defendant to deter it from "unnecessarily filing future motions."  For the reasons discussed below, defendant's motion is granted and plaintiff's request for sanctions is denied.

On January 30, 2014, defendant served its first set of interrogatories and requests for production.[1]  Plaintiff served her answers on February 27, 2014.[2]  Defendant sent an e-mail concerning plaintiff's discovery responses on March 12, 2014.[3]  In response, plaintiff provided a supplemental response to defendant's discovery requests in an attempt to address defendant's concerns.[4]  After several failed attempts to resolve the discovery dispute, defendant filed its motion to compel on April 14, 2014.[5]  Plaintiff filed her response on April 28, 2014.[6]  Defendant filed its reply on May 6, 2014.[7]

Fed. R. Civ. P. 26(b)(1) provides that generally the scope of discovery is limited to the parties' pleaded claims and defenses, but that "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."  When a party files a motion to compel and asks the court to overrule objections, the objecting party must specifically show in its response to the motion how each discovery request is objectionable.[8]  Objections initially raised but not supported in response to the motion to

---

[1] ECF doc. 21.

[2] ECF doc. 26.

[3] ECF doc. 34-3.

[4] ECF doc. 34-1.

[5] ECF doc. 33.

[6] ECF doc. 35.

[7] ECF doc. 36.

[8] *Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 670-71 (D. Kan. 2004).

compel are deemed abandoned.[9]  However, if the discovery requests appear facially objectionable in that they are overly broad or seek information that does not appear relevant, the burden is on the movant to demonstrate how the requests are not objectionable.[10]  With these standards in mind, the court addresses plaintiff's objections and responses to the disputed requests.

## I.     Objections to Requests

Under Rule 33(b)(3) of the Federal Rules of Civil Procedure, the responding party must answer each interrogatory "to the extent it is not objected to."  Of the disputed interrogatories, plaintiff served answers <u>and</u> objections to Interrogatory Nos. 3, 6, and 9. The court has substantial discretion to determine the propriety of such requests and the sufficiency of responses.[11]  An objection and answer preserves nothing and serves only to waste the time and resources of both the parties and the court.[12]  Answering discovery requests "subject to" objections is "manifestly confusing (at best) and misleading (at worse), and has no basis at all in the Federal Rules of Civil Procedure."[13]  As evidenced

---

[9] *In re Bank of Amer. Wage & Emp't Practices Litig.*, 275 F.R.D. 534, 538 (D. Kan. 2011).

[10] *Id.*

[11] *Audtiotext Commc'ns Network Inc. v. US Telecom, Inc.*, No. 94-2395, 1995 WL 625744, at *1 (D. Kan. Oct. 5, 1995).

[12] *Consumer Electronics Ass'n v. Compras & Buys Magazine, Inc.*, No. 08-21085, 2008 WL 4327253, at *3 (S.D. Fla. Sept. 18, 2008).

[13] *Sprint Commc'ns Co., L.P. v. Comcast Cable Commc'ns, LLC*, No. 11-2684, 2014 WL 545544, at *2 (D. Kan. Feb. 11, 2014).

by the parties' briefs, "such practice leaves the requesting party uncertain as to whether the question has been fully answered or whether only a portion of the question has been answered."[14]    The court could find "whenever [plaintiff's] answer accompanies an objection, the objection is deemed waived and the answer, if responsive, stands."[15] Nonetheless, the court will address the validity of plaintiff's objections.

### A.    Objection Based on Number of Interrogatories

Under Rule 33(a)(1) of the Federal Rules of Civil Procedure, a party may serve a maximum of twenty-five interrogatories upon any other party, including discrete subparts, unless the court or stipulation from the opposing party allows more.    The scheduling order entered in this case on January 15, 2014, allowed each party to serve thirty interrogatories, inclusive of subparts.[16]    Defendant served its first set of interrogatories (Nos. 1 through 17) on January 30, 2014.[17]

Plaintiff objects on the basis that defendant posed more than the thirty interrogatories permitted by the scheduling order.    Specifically, plaintiff contends that Interrogatory No. 3 should "[a]t the very least" count as five interrogatories and

---

[14] *Consumer Electronics Ass'n*, 2008 WL 4327253, at *3 (*See* Civil Discovery Standards, 2004 A.B.A. Sec. Lit. 18).

[15] *Sprint Commc'ns Co., L.P.*, 2014 WL 545544, at *2 (citations omitted).

[16] ECF doc. 13 at 6.

[17] *See* ECF doc. 34-1. *See also* ECF doc. 21.

Interrogatory No. 6 should count as twenty interrogatories.[18]  Similarly, plaintiff argues that Interrogatory No. 2 should count as multiple interrogatories because it "asks for dozens of pieces of information on … at least five separately themed topics."[19]  Plaintiff asserts that there "are many other examples" and thus, her objection is "legitimate."[20]  Defendant disagrees.

Kansas courts have applied the "common-theme" standard in determining whether subparts should be counted as separate interrogatories.[21]  That is, an interrogatory containing subparts directed at eliciting details concerning a common theme is considered a single question.[22]  For example, questions about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication.[23]  Therefore, subparts of an interrogatory which relate to a common theme will not count as separate interrogatories for purposes of the applicable numerical limit, while those subparts not related to a common theme will be counted as separate interrogatories.  With

---

[18] ECF doc. 35 at 8-9.

[19] *Id.* at 8-9.

[20] *Id.* at 9.

[21] *Pouncil v. Branch Law Firm*, 277 F.R.D. 642, 646 (D. Kan. 2011).

[22] *Id.*

[23] *Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 664 (D. Kan. 2004).

the common-theme standard and its previous applications in mind, the court makes the following specific findings with regard to the disputed interrogatories.

Interrogatory No. 3 requests that plaintiff:

Identify each communication you had with NCO, and each communication NCO had with you, including:

a. the type of communication (letter, call, email, fax, telegram);

b. the date & time of the communication;

c. the substance of the communication;

d. the person initiating the communication;

e. the parties to the communication;

f. the following particulars of the communication:

i. (for telephone calls) the number NCO is alleged to have called to reach you;

ii. (for telephone calls) the number of the caller;

iii. (for telephone calls) the result of the call (e.g., conversed, answered, not answered, answering machine (or voicemail) answered, (no) message left; caller hung up, called party hung up, disconnect, etc.);

iv. (for telephone calls) the purpose of the communication between the caller and the called party;

v. (for telephone calls) the substance of the communication between the caller and the called party, if any;

vi. (for telephone calls) where you were when you received or made each of the calls;

vii. (for telephone calls) where you were when you received or made each of the calls;

viii. (for e-mail communications) the sender's email address;

ix. (for e-mail communications) the recipient's email address;

x. (for facsimile communications) the sender's facsimile number;

xi. (for facsimile communications) the recipient's facsimile number;

xii. (for letters) the addressee's name and address; and

xiii. (for letters) the recipient's name and address.

Plaintiff asserts that Interrogatory No. 3 should count as five interrogatories. Defendant responds that the common theme of Interrogatory No. 3 is the identification of plaintiff's communications with defendant and the details relating to those communications—who, what, when, and where. The court agrees. The common theme of this question is communications between plaintiff and defendant. Subparts seeking "who, what, when, where, and how" information logically and factually subsumed within the primary question are not counted as separate interrogatories.[24] The subparts of this question delineate details that should be included in response to the primary question and are consistent with the common theme. Thus, this question constitutes one interrogatory.

Interrogatory No. 6 asks plaintiff:

During the past four years, identify each communication you had with either the Florida Department of Education, the U.S. Department of Education, Sallie Mae, and/or Southwest Student Services Corporation, concerning or relating to the federal consolidation loan attached hereto as Exhibit A, including:

a. the type of communication (letter, call, email, fax, telegram);

---

[24] *Manship v. U.S.*, 232 F.R.D. 552, 556 (M.D. La. 2005).

b. the date & time of the communication;

c. the substance of the communication;

d. the person initiating the communication;

e. the parties to the communication;

f. the following particulars of the communication:

    i. (for telephone calls) the number NCO is alleged to have called to reach you;

    ii. (for telephone calls) the number of the caller;

    iii. (for telephone calls) the result of the call (e.g., conversed, answered, not answered, answering machine (or voicemail) answered, (no) message left; caller hung up, called party hung up, disconnect, etc.);

    iv. (for telephone calls) the purpose of the communication between the caller and the called party;

    v. (for telephone calls) the substance of the communication between the caller and the called party, if any;

    vi. (for telephone calls) where you were when you received or made each of the calls;

    vii. (for telephone calls) the duration of the call;

    viii. (for e-mail communications) the sender's email address;

    ix. (for e-mail communications) the recipient's email address;

    x. (for facsimile communications) the sender's facsimile number;

    xi. (for facsimile communications) the recipient's facsimile number;

    xii. (for letters) the addressee's name and address; and

    xiii. (for letters) the recipient's name and address.

Plaintiff argues this interrogatory should count as twenty interrogatories because it asks for the same information as Interrogatory No. 3, but does so with respect to four parties.[25] As the court previously determined, Interrogatory No. 3 counts as one interrogatory, not five. Under plaintiff's reasoning, even if the court agreed that communications with four different lenders concerning the same loan should count as four separate themes, this interrogatory would count as four interrogatories at a maximum—one for each possible lender named. However, the court disagrees with plaintiff's assertion. The court finds that this question should be counted as one interrogatory because it asks for details supporting a common theme: to identify communications with lenders regarding plaintiff's federal consolidation loan. Once again, the subparts delineate details that should be included in a response to the primary question. Therefore, this question also constitutes a single interrogatory.

Finally, plaintiff argues that Interrogatory No. 2 "asks for dozens of pieces of information on … at least five separately themed topics (Ms. Rowell's personal information, her work history, her past telephone numbers and email addresses, her marital history, and her family members)."[26] Although plaintiff argues "there are many other examples," she fails to assert them.[27] Plaintiff also fails to assert how many interrogatories she believes Interrogatory No. 2 comprises. Unsurprisingly, plaintiff does

---

[25] ECF doc. 35 at 8.

[26] *Id.* at 8-9.

[27] *Id.* at 9.

not offer a total count of defendant's interrogatories to show defendant has exceeded thirty. Plaintiff picked and chose what interrogatories to apply this objection to and strangely, only asserted this objection to seven of seventeen numbered interrogatories and in no particular order.[28]

Plaintiff did not follow the court's procedure for a party making a supernumerary objection. When such a situation arises, the objecting party is to either seek a protective order and not answer the requests at issue or answer up to the numerical limit and object to the remaining requests without answering.[29] Instead, plaintiff chose to selectively apply this objection out of order and respond to some requests subject to that objection, but not others. This is improper. "[T]he responding party is not entitled to randomly select which of the … interrogatories it will answer …"[30]

Furthermore, of the seven interrogatories plaintiff objected to on this basis, plaintiff only attempted to support her objection to three in her response to defendant's motion. Fed. R. Civ. P. 33(a)(4) requires the responding party to state the grounds for objecting to an interrogatory with specificity. When a party files a motion to compel that asks the court to overrule certain objections, the *objecting party* must clearly and

---

[28] *See* ECF Doc. 34-1, Interrogatory Nos. 2, 3, 4, 6-8, and 16.

[29] *Lowery v. County of Riley*, No. 04-3101, 2009 WL 648928, at *3 (D. Kan. Mar. 12, 2009) (citations omitted).

[30] *Id.* (quoting *Capacchionen v. Charlotte-Mecklenburg Schs.*, 182 F.R.D. 486, 492 (W.D.N.C. 1996)).

specifically show how the discovery requests are objectionable.[31]  Here, plaintiff has not clearly shown how this discovery request is objectionable by stating that it refers to "at least five separately themed topics" without any analysis to support that assertion. Nonetheless, even if the court indulged plaintiff and counted this interrogatory as five (because of the alleged five separately themed topics), defendant would still not exceed the thirty interrogatory limit.  Therefore, plaintiff's objection to the number of interrogatories is overruled.

### B.      Relevancy Objections

Relevance, at the discovery stage, is broadly construed.  Generally, "a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party."[32]  A court should allow a request for discovery "unless it is clear that the information sought can have no possible bearing" on the claim at issue.[33]  "When the discovery sought appears relevant on its face, the party resisting discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance

---

[31] *Allen v. Mill-Tel, Inc.*, 283, F.R.D. 631, 638 (D. Kan. 2012) (citing *Sonnino*, 221 F.R.D. at 670-71 (explaining an objecting party's burden)).

[32] *Sheldon v. Vermonty*, 204 F.R.D. 679, 689-90 (D. Kan. 2001) (citations omitted).

[33] *Id.* (citations omitted).

that the potential harm the discovery may cause would outweigh the ordinary presumption in favor of broad disclosure."[34]

### 1.   Interrogatory No. 3

Interrogatory No. 3 asks plaintiff to identify her communications with defendant. Plaintiff objects "to the extent that these requests are only relevant to her FDCPA [Fair Debt Collection Practices Act] claim, which has been resolved."  Defendant asserts that this action involves communications subject to restrictions under the TCPA and consent to those communications.  Therefore, defendant argues it is imperative that plaintiff identify communications she had with defendant, communications defendant had with her, the mode of the communications, and the substance of the communications. Although plaintiff supplemented her response to this request and provided a list of calls originated by defendant, defendant asserts that she failed to provide any information regarding the subject matter of the communications, any calls plaintiff made to defendant, or e-mails and/or faxes she sent to or received from defendant.

Defendant also argues that the manner and substance of communications is relevant to the issue of prior express consent.  To the extent plaintiff contends that she revoked her consent, defendant asserts that what was said during plaintiff's conversations with defendant is directly relevant to consent and revocation.  Finally, defendant states

---

[34] *Hammond v. Lowe's Home Centers, Inc.*, 216 F.R.D. 666, 670 (D. Kan. 2003).

that the TCPA provides for damages on a per call basis; therefore, the particulars of each call are relevant to the issue of liability and damages.

Plaintiff simply states in her response that information other than outbound calls requested in Interrogatory No. 3 is "completely irrelevant to her TCPA claim" and "[t]o the extent she disputes NCO's account notes, such dispute is irrelevant to her TCPA claim."[35] Additionally, plaintiff asserts that defendant argues this information is "relevant to the issue of consent under the TCPA, but it is not."[36]

Due to the nature of this action, the court finds that the details of all communications between plaintiff and defendant carries a relevancy that is readily apparent, and therefore the burden falls to the plaintiff (i.e., the party resisting discovery) to establish the lack of relevance or marginal utility of such information under Fed. R. Civ. P. 26(b)(1). Plaintiff has done neither. Instead, plaintiff has made conclusory statements that the information defendant requests is irrelevant. Plaintiff provides little to no factual support or evidence in support of her assertion. Therefore, the court finds that plaintiff has not met her burden to substantiate her objection. Plaintiff is ordered to provide a full and complete response to Interrogatory No. 3.

---

[35] ECF doc. 35 at 12.

[36] *Id.*

### 2.     Interrogatory No. 6

Interrogatory No. 6 asks plaintiff to identify communications she had with specific lenders in the last four years concerning her federal consolidation loan. Plaintiff objects because it would "require Plaintiff to provide information that has no bearing on the claims or defenses in this case."[37] To the extent this request is directed toward the issue of prior express consent, plaintiff objects because she claims she did not provide her cell phone number in connection with the agreement creating the underlying debt. Rather, plaintiff asserts that defendant did not obtain her cell phone number through plaintiff's creditor but instead, through a third-party vendor, "meaning it did not have 'prior express consent' by way of Plaintiff's creditor(s)."[38]

Defendant responds that consent to a call may be obtained either during the transaction that resulted in the debt owed, or afterwards. Additionally, defendant asserts that an intermediary may be given consent to call under typical agency principles on behalf of a principal. Therefore, defendant argues that the substance of plaintiff's prior communications with her creditor would assist in understanding the line between a creditor's right to make demands for repayment of a debt and a consumer's right to privacy.

---

[37] ECF doc. 34-1 at 10.

[38] *Id.*

In response, plaintiff argues that she has already stated in her supplemental response that "she cannot recall each communication, but that she does know she never gave out the cell phone number at issue to any of the prior creditors or debt collectors."[39] Therefore, plaintiff asserts that there is "simply no relevant information that NCO could possibly be seeking through this request" and it is "unclear" how this request "relates in any way to the claims and defenses under the TCPA."[40] Once again, plaintiff's conclusory assertions are insufficient to meet her burden under the broad standard of relevancy. To the extent plaintiff has failed to answer this question because of her relevancy objection, she is ordered to supplement her response.

### 3. Interrogatory No. 8

Interrogatory No. 8 asks plaintiff to describe the debt referred to in the complaint. Plaintiff objects to Interrogatory No. 8 because it would require her "to provide information that has no bearing on the claims or defenses in this case, given that her FDCPA claims have been resolved."[41] Defendant argues this information is relevant because consent may have been obtained by an intermediary on behalf of any of the entities to whom plaintiff was obligated. Defendant asserts that it is entitled to explore whether plaintiff communicated with others regarding the debt, and test the veracity of plaintiff's statement. Plaintiff has not met her burden to show this information could

---

[39] ECF doc. 35 at 13.

[40] *Id.*

[41] ECF doc. 34-1 at 12.

have no bearing on the claim at issue. Plaintiff is ordered to supplement her response to fully answer this request.

### 4. Interrogatory No. 9

Interrogatory No. 9 asks plaintiff to identify each creditor to whom she supplied her telephone number during the period between October 7, 2009 and the present, and to describe the circumstances for supplying her number to such person. Plaintiff objects to this request because it "has no bearing on the claims and defenses in this case."[42] Plaintiff says nothing further in her response other than to direct defendant to her response to Interrogatory No. 6. Defendant explains that whether or not plaintiff has listed her cellular number on other credit applications as her contact number is relevant as to their defense of consent. Plaintiff attempts to discard this argument but fails to show this information could have no possible bearing on her claim or defendant's defense. Plaintiff is ordered to supplement her response to fully answer this request.

### 5. Interrogatory No. 14

Interrogatory No. 14 asks plaintiff to identify all materials she posted to social media websites relating to her debts or financial obligations, defendant, the facts or circumstances alleged in the complaint, or concerning this lawsuit. Plaintiff objected to this interrogatory to the extent that it seeks irrelevant information and to the extent it seeks information pertaining to her FDCPA claim, which has been resolved. Defendant

---

[42] *Id.*

argues these statements are discoverable as a matter of right and are useful for impeachment because these events may contain admissions against interest, prior inconsistent statements, and therefore be relevant. In response plaintiff admits that statements about the timing or sequence of events could have been relevant to her claims under the FDCPA. However, plaintiff argues that defendant fails to explain how any of her prior statements about any of these topics could bear upon her TCPA claim. Once again, plaintiff fails to recognize that the burden is hers, not defendant's, to show this request is objectionable and irrelevant under the broad standard of relevancy. Plaintiff has not met her burden; thus, she is ordered to supplement her response to this request.

### 6. Interrogatory No. 16

Interrogatory No. 16 asks plaintiff to identify the following regarding judicial, regulatory and administrative proceedings:

a. Whether you have ever been accused or convicted of any crime;

b. Whether you have ever been incarcerated and any documents relating to that action or proceeding;

c. Whether you have ever been accused or convicted of any contempt of court;

d. Whether you have ever filed for protection under the bankruptcy laws or been subject to involuntary bankruptcy proceeding, been found bankrupt or insolvent in any administrative or legal proceeding.

e. Whether you have ever been named as a defendant in any action, criminal, civil, administrative or regulatory, under any federal, state or local law;

f. Whether you have ever been named as a plaintiff in any action, civil, administrative or regulatory, under any federal, state or local law;

g. Whether you have ever participated in or were a member of a class, collective or derivative action during the past ten years;

h. Whether you have ever been refused or denied status as a class representative, participation in a collective action or as a derivative claimant, or been a party to any action in which any party or counsel was so rejected; and

i. Whether you have ever been subject to immigration or naturalization proceedings.

Plaintiff objected that this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Defendant argues this information is relevant for the potential purposes of impeachment. Defendant asserts that to the extent plaintiff has any prior familiarity with the TCPA and has sued others for similar reasons alleged here, defendant should be allowed to test the veracity of plaintiff's belief that she was called by defendant with an automatic telephone dialing system ("ATDS"). Further, defendant argues that if plaintiff has claimed or recovered actual damages for emotional harm in other cases, that information would tend to show that no such recovery should be allowed here. Defendant identifies a suit, *U.S.A. v. Karen Rowell*, No. 1:99-02956-PAG (N.D. Ohio 1999), to inquire whether plaintiff is the named defendant in this case brought by the United States for defaulted student loan debts. Finally, defendant asserts that evidence relating to bankruptcy may be relevant because it could deprive plaintiff of standing to sue.

Plaintiff responds that her belief that she was called with an ATDS is irrelevant because evidence about defendant's equipment and dialing practices, not plaintiff's testimony, is what will determine whether defendant used an ATDS. With respect to

emotional damages, plaintiff argues previously receiving unwanted, automated calls, could lead to her being *more* likely to experience emotional distress, not less. Plaintiff asserts that because defendant provides no analysis of this issue, the court should reject this basis. Finally, plaintiff argues that whether a default judgment has been entered against her is irrelevant because she would not lose her protection under the TCPA if a debt had been reduced to judgment. Plaintiff also responds that filing for bankruptcy does not "completely eliminate standing under consumer protection laws."[43]

Plaintiff's arguments make the information defendant seeks seem more relevant, not less. Plaintiff concedes that this information may tend to show she is more susceptible to emotional distress, which could support her claim for damages. Plaintiff asserts that filing for bankruptcy does not completely eliminate standing under consumer protection laws but does not explain why or how it could have no possible bearing on the claims or defenses in this case. Plaintiff does not meet her burden to show the information defendant seeks is irrelevant; therefore, she is ordered to supplement her response to fully answer this request.

### 7.     Request for Production 1-5, 16, and 19

Of the disputed requests for production,[44] plaintiff objects to every single one as irrelevant. The discovery defendant seeks appears relevant on its face. Therefore,

---

[43] ECF doc. 35 at 17.

[44] Requests for Production Nos. 1-5, 16, and 19.

plaintiff has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm the discovery may cause would outweigh the ordinary presumption in favor of broad disclosure."[45]  Plaintiff does not attempt to support her relevancy objections to Requests for Production Nos. 2-5 or 7.  With respect to Requests for Production Nos. 1, 16, and 19, plaintiff simply incorporates her responses to Interrogatory Nos. 6, 8-9, and 16.  Plaintiff's relevancy objections to the disputed requests for production are overruled.  Plaintiff has not met her burden to show these requests do not come within the broad scope of relevance or are of such marginal relevance that the potential harm she would suffer by answering them outweighs the presumption in favor of broad disclosure.  Plaintiff is ordered to supplement her responses to the disputed requests for production.

### C.     Overly Burdensome Objections

As the party objecting to discovery, plaintiff has the burden to show facts justifying her objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome.[46]  This imposes an obligation on plaintiff "to provide sufficient detail and explanation about the nature of the burden in terms of

---

[45] *Hammond v. Lowe's Home Centers, Inc.*, 216 F.R.D. 666, 670 (D. Kan. 2003).

[46] *Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 213 (D. Kan. 2002) (citing *Snowden v. Connaught Labs., Inc.*, 137 F.R.D. 325, 332 (D. Kan. 1991)).

time, money and procedure" required to respond to the requested discovery.[47]  The court

will then balance the burden on the interrogated party against the benefit to the

discovering party of having the information.[48]  A party asserting undue burden may not

rest on its assertion, but must present an affidavit or other evidentiary proof of the time or

expense involved in responding to the discovery request.[49]

Plaintiff objects to Interrogatory Nos. 3 and 6 as unduly burdensome.  The only

support plaintiff offers for her objection to Interrogatory No. 3 is that "it asks for

information already in Defendant's possession."[50]  Originally, plaintiff did not object to

Interrogatory No. 6 as unduly burdensome but in her supplemental response, she asserts

that the request is unduly burdensome "given that 'prior express consent' is only deemed

granted when the wireless number is 'provided during the transaction that resulted in the

debt owed.'"[51]

Plaintiff objects to Requests for Production Nos. 2-5, 7, and 19 as unduly

burdensome.  Plaintiff asserts Request for Production Nos. 2-5 are overly burdensome

"given the fact that Defendant's account notes show the dates and times of each call

---

[47] *Id.*

[48] *McBride v. Medicalodges, Inc.,* No. 06-2535,  2008 WL 1958350, at *4 (D. Kan. May 2, 2008).

[49] *Waddell & Reed Fin., Inc. v. Torchmark Corp.*, 222 F.R.D. 450, 454 (D. Kan. 2004) (citations omitted).

[50] ECF doc. 34-1 at 5.

[51] *Id.* at 11.

Defendant placed to Plaintiff's cell phone."[52]  Plaintiff argues Request for Production No. 7 is overly burdensome because "Defendant already has in its possession all documents that Plaintiff sent it."[53]  With respect to Request for Production No. 19, plaintiff simply states that "such information is irrelevant to the subject matter of this litigation, and the production of such documents is therefore unduly burdensome."[54]

Plaintiff has provided only conclusory assertions and has not offered any detailed explanation, affidavit, or other evidence demonstrating that she will suffer undue burden and expense complying with these discovery requests.  It is plaintiff's burden to show these requests are objectionable and she has failed to meet that burden.  Plaintiff's unduly burdensome objections are overruled.

### D.    Reference to Documents

In response to Interrogatory No. 3, plaintiff directed defendant to bates-numbered documents produced by defendant and plaintiff.  Defendant argues that plaintiff's reference to documents in lieu of providing a written response is insufficient. Furthermore, defendant argues that the documents plaintiff refers to are a series of photographic screen shots of a phone display that do not contain any further substantive information about calls other than dates and a phone number.  Defendant asserts that

---

[52] *Id.* at 21-22.

[53] *Id.* at 22.

[54] *Id.* at 25.

plaintiff's supplemental response contains information not reflected in the screen shots initially provided, but still does not contain all of the information defendant requested.

Plaintiff responds that answering this request any further is absurd, oppressive, and burdensome. Plaintiff relies on Fed. R. Civ. P. 33(d) to allow her to refer to business records of defendant rather than providing a written response. Plaintiff argues that defendant would be entitled to a statement about the content of certain conversations if the FDCPA claim were still alive. Because it is not, plaintiff insists that the fact that the calls occurred is all that matters and instructs defendant to review its own account notes if it desires more information.

Plaintiff does not have the luxury of picking and choosing what discovery is relevant *enough* for her respond to. Her relevancy and burdensome objections have been overruled. The documents plaintiff refers to do not fully answer the questions defendant has posed. Plaintiff may not rely on Rule 33(d) because as she cites, this rule only applies if an answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records.[55] Here, it appears that

---

[55] *See* ECF doc. 35 at 9; *see also* Fed. R. Civ. P. 33(d) ("If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by: (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and (2) giving the interrogatory party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries").

*all* of the information defendant requested in Interrogatory No. 3 cannot be determined by referencing the cited business records. Although plaintiff claims to have made a "good-faith effort to provide all of the information she possesses," the court is not convinced given her boilerplate objections and answers subject to those objections. Plaintiff has failed to meet her burden to support her objections to Interrogatory No. 3. Therefore, plaintiff is ordered to supplement her answer to this request and provide a full and complete answer to Interrogatory No. 3, including all sub-parts.

## II.    Sanctions

Plaintiff requests that the court award her all attorneys' fees she has incurred in connection with her response to this "unnecessary" motion to compel.[56] Interestingly, the only person who may be required to pay the other party's attorneys' fees is plaintiff, not defendant. Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure states that if a motion to compel is granted, the court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expense incurred in making the motion, including attorney's fees." However, the court need not order this payment if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure,

---

[56] ECF doc. 35 at 20.

response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."[57]

Rule 26(g)(1) provides:

By signing [a discovery request, response, or objection], an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:

(A) with respect to a disclosure, it is complete and correct as of the time it is made; and

(B) with respect to a discovery request, response , or objection, it is:

(i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;

(ii) not interposed for any improper purpose such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and

(iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

Under Rule 26(g)(3), if a certification violates this rule without substantial justification, the court *must* impose an appropriate sanction on the responsible attorney or party, or both; the sanction *may* include an order to pay reasonable expenses, including attorney fees, caused by the violation. The parties are well aware of this rule since the court strongly encouraged them to carefully review the excellent discussion of Rule 26(g)

---

[57] Fed. R. Civ. P. 37(a)(5)(A).

found in *Mancia v. Mayflower Textile Servs. Co.*,[58] before serving discovery requests, responses, or objections.[59]

Plaintiff initiated this action. Yet, plaintiff seems unwilling to meaningfully participate in discovery. Plaintiff provided answers *subject to* objections in response to defendant's requests. Plaintiff objected to the number of interrogatories at random, selectively choosing which interrogatories to object to without even providing a total number of interrogatories. Of the seventeen interrogatories defendant served upon plaintiff, plaintiff objected to eleven of them as irrelevant without providing substantive support for her objections. Plaintiff also objected to several requests as unduly burdensome without providing evidentiary proof of the time or expense involved in responding to the requests. Finally, plaintiff refuses to answer certain requests but instead, refers defendant to documents already in its possession even though those documents do not answer the specific questions defendant has posed in the request. Due to plaintiff's numerous and unsupported objections, the court has spent considerable time reviewing and analyzing 221 pages of briefs and exhibits filed with respect to this motion. Plaintiff has caused unnecessary delay and increased expenses. Such delays disrupt the judicial process.

---

[58] 253 F.R.D. 354 (D. Md. 2008).

[59] *See* ECF doc. 13 at 8.

With the foregoing in mind, it is ludicrous that *plaintiff* requests sanctions against defendant for filing what she deems a "frivolous and wasteful motion."[60]  In contrast, the court finds that plaintiff has engaged in sanctionable conduct for violating Rule 26(g) and failing to show her actions were substantially justified.[61]

Although the court finds that a monetary sanction is appropriate, nothing in the record suggests *plaintiff* is responsible for the actions taken with respect to this issue. Therefore, plaintiff's *counsel* shall monetarily compensate defendant for costs and expenses, including attorneys' fees, incurred in connection with this dispute from the time defendant submitted its first golden rule letter to the present briefing by **June 6, 2014**.  The parties are strongly encouraged to confer and reach agreement on the amount of attorney's fees plaintiff's counsel will pay to defendant in connection with this dispute. In the hopefully unlikely event the parties cannot reach an agreement, by **June 6, 2014**, defendant shall file an accounting of the costs and legal fees (including supporting documentation, such as attorney time sheets) it sustained in regard to filing and briefing the motion to compel.  Thereafter, plaintiff may, if necessary, file a response to defendant's filing by **June 10, 2014**.

IT IS THEREFORE ORDERED:

---

[60] ECF doc. 35 at 1.

[61] *See* Fed. R. Civ. P. 37(a)(5)(A).

1.     Defendant's motion to compel **(ECF doc. 33)** is granted.  All discovery ordered produced herein shall be produced by **June 6, 2014**.

2.     Plaintiff's request for sanctions is denied.

3.     Plaintiff's counsel shall monetarily compensate defendant for costs and expenses, including attorneys' fees, incurred in connection with the filing of the instant motion to compel.  A receipt or certificate of payment shall be filed with this court by **June 6, 2014.**

IT IS SO ORDERED.

Dated May 22, 2014 at Kansas City, Kansas.


 s/ James P. O'Hara
James P. O'Hara
U. S. Magistrate Judge